# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

ASSIGNMENT/INFORMATION FORM

**UNITED STATES OF AMERICA,**

      **VS.**                        Case No.  **3:08-CR-77 (TJM)**
                                       Date: **February 19, 2008**

**LINDA O'CONNOR,**
**DEAN SACCO**

## COUNSEL:

Please find attached a copy of the Criminal Pretrial Order issued in the above entitled action.

The above case has been assigned to the Judge on the attached case assignment form.

All correspondence and filings shall be filed electronically unless specifically exempted by General Order # 22 or a judicial officer. Documents should bear the initials of the assigned Judge immediately following the Court Action Number.

All motion papers must conform to Local Rule 12.1 of the Northern District of New York Rules of Criminal Procedure.

3/2006

## CASE ASSIGNMENT FORM

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK

**CRIMINAL ACTION NUMBER   3:08-CR-77**

**THIS ACTION HAS BEEN ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE SHOWN BELOW.**

**ALL CORRESPONDENCE AND FILINGS SHALL BE FILED ELECTRONICALLY UNLESS SPECIFICALLY EXEMPTED BY GENERAL ORDER #22 OR A JUDICIAL OFFICER. DOCUMENTS SHOULD BEAR THE INITIALS OF THE ASSIGNED JUDGE AND MAGISTRATE JUDGE IMMEDIATELY FOLLOWING THE CRIMINAL ACTION NUMBER. (*IE: CRIMINAL ACTION NO 1:95-CR-0123, TJM -OR- 1:95-M-0123, DRH)*)**

**IF PERMISSION HAS BEEN GRANTED TO FILE PAPERS TRADITIONALLY, ALL ORIGINAL PAPERS MUST BE FILED WITH THE CLERK'S OFFICE THAT HAS BEEN CHECKED ON PAGE #2 OF THIS FORM.**
**(REFER TO PAGE #2 FOR MAILING ADDRESSES)**

**ACTION ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE CHECKED BELOW:**

**INITIALS**

| | | |
|---|---|---|
| _____ | **CHIEF JUDGE NORMAN A. MORDUE** | **(NAM)** |
| _____ | **JUDGE LAWRENCE E. KAHN** | **(LEK)** |
| _____ | **JUDGE DAVID N. HURD** | **(DNH)** |
| _____ | **JUDGE GARY L. SHARPE** | **(GLS)** |
| _____ | **SENIOR JUDGE HOWARD G. MUNSON** | **(HGM)** |
| _____ | **SENIOR JUDGE NEAL P. MCCURN** | **(NPM)** |
| ___X____ | **SENIOR JUDGE THOMAS J. MCAVOY** | **(TJM)** |
| _____ | **SENIOR JUDGE FREDERICK J. SCULLIN, JR.** | **(FJS)** |
| _____ | **MAGISTRATE JUDGE GUSTAVE J. DIBIANCO** | **(GJD)** |
| _____ | **MAGISTRATE JUDGE DAVID R. HOMER** | **(DRH)** |
| _____ | **MAGISTRATE JUDGE DAVID E. PEEBLES** | **(DEP)** |
| _____ | **MAGISTRATE JUDGE RANDOLPH F. TREECE** | **(RFT)** |
| _____ | **MAGISTRATE JUDGE GEORGE H. LOWE** | **(GHL)** |

**SEND ALL ORIGINAL PAPERS TO THE CLERK'S OFFICE CHECKED BELOW:**

_____      **CLERK, U.S. DISTRICT COURT**
**FEDERAL BUILDING AND COURTHOUSE**
**POST OFFICE BOX 7367**
**SYRACUSE, NEW YORK 13261-7367**

*********************************************************************

____X_____    **CLERK, U.S. DISTRICT COURT**
**FEDERAL BUILDING AND COURTHOUSE**
**15 HENRY STREET**
**BINGHAMTON, NEW YORK 13901**

*********************************************************************

_____      **CLERK, U.S. DISTRICT COURT**
**JAMES T. FOLEY U.S. COURTHOUSE**
**445 BROADWAY, ROOM 509**
**ALBANY, NEW YORK 12207-2936**

*********************************************************************

_____      **CLERK, U.S. DISTRICT COURT**
**ALEXANDER PIRNIE FEDERAL BUILDING**
**AND U.S. COURTHOUSE**
**10 BROAD STREET**
**UTICA, NEW YORK 13501**

*********************************************************************

**All papers filed with the clerk must conform to the**
**Local Rules of Practice for the Northern District of NewYork**

**ALL NON-DISPOSITIVE MOTIONS ARE TO BE MADE RETURNABLE ON A SUBMIT BASIS BEFORE THE ASSIGNED MAGISTRATE JUDGE. \*IF PERMISSION HAS BEEN GRANTED TO FILE PAPERS TRADITIONALLY, PLEASE SEND THE ORIGINAL PAPERS TO THE OFFICE OF THE CLERK AS CHECKED ON PAGE #2 OF THIS FORM.**

**\*\* ALL MOTIONS FILED AND MADE RETURNABLE BEFORE MAGISTRATE JUDGES WILL BE TAKEN ON A SUBMIT BASIS UNLESS: THE PARTIES REQUEST ORAL ARGUMENT AND/OR THE COURT DIRECTS THE PARTIES TO APPEAR FOR ORAL ARGUMENT, PROVIDED, HOWEVER, THAT MAGISTRATE JUDGE DAVID E. PEEBLES REQUIRES ORAL ARGUMENT ON ALL MOTIONS UNLESS THE COURT DIRECTS OTHERWISE.**

**SENIOR JUDGE McCURN AND SENIOR JUDGE MUNSON WILL NOT HAVE REGULAR MOTION DAYS DURING THE MONTH OF AUGUST.**
**MOTIONS MAY NOT BE FILED WITHOUT PRIOR APPROVAL OF THE COURT DURING THESE PERIODS.**

## MONTHLY MOTION SCHEDULES

| | |
|---|---|
| **CHIEF JUDGE NORMAN A. MORDUE**<br>10:00 A.M. - 1ST AND 3RD WEDNESDAY OF EACH MONTH AT SYRACUSE. No oral argument on scheduled motion return date, unless Judge Mordue's chambers directs or grants the request of any party for oral argument. | **SENIOR JUDGE FREDERICK J. SCULLIN, JR.**<br>10:00 A.M. - 2ND FRIDAY OF EACH MONTH IN SYRACUSE<br>10:00 A.M. - 4TH FRIDAY OF EACH MONTH IN ALBANY |
| **JUDGE LAWRENCE E. KAHN**<br>**9:30 A.M. - 1ST AND 3RD FRIDAY OF EACH MONTH AT ALBANY.** | **MAGISTRATE JUDGE GUSTAVE J. DiBIANCO**<br>**10:00 A.M. - LAST THURSDAY OF EACH MONTH AT SYRACUSE.** |
| **JUDGE DAVID N. HURD**<br>2nd Friday of each month in Utica - Civil motions at 10:00 a.m., Criminal motions at 2:00 p.m.<br>4th Friday of each month in Albany - Civil motions at 10:00 a.m., Criminal motions at 2:00 p.m. | **MAGISTRATE JUDGE DAVID R. HOMER**<br>**9:30 A.M. - 3RD THURSDAY OF EACH MONTH AT ALBANY.** |
| **JUDGE GARY L. SHARPE**<br>10:00 a.m. - 1st AND 3RD THURSDAY OF EACH MONTH AT ALBANY. Motions filed in Syracuse area cases will taken on SUBMIT unless otherwise ordered. | **MAGISTRATE JUDGE DAVID E. PEEBLES**<br>**9:30 A.M. - 2ND AND 4TH WEDNESDAY OF EACH MONTH AT SYRACUSE – Oral Argument expected on all motions unless otherwise directed** |
| **SENIOR JUDGE HOWARD G. MUNSON**<br>10:00 A.M. - 2ND FRIDAY OF EACH MONTH AT SYRACUSE.<br>11:00 A.M. - LAST MONDAY OF EACH MONTH AT ALBANY. | **MAGISTRATE JUDGE RANDOLPH F. TREECE**<br>**9:30 A.M. - 1 ST THURSDAY OF EACH MONTH AT ALBANY.** No oral argument on scheduled motion return date, unless Judge Treece's chambers sua sponte directs or grants the request of any party for oral argument. |
| **SENIOR JUDGE NEAL P. McCURN**<br>10:00 A.M. - 2ND AND 4TH TUESDAYS OF EACH MONTH AT SYRACUSE.<br>11:00 A.M. - 1ST TUESDAY OF EACH MONTH AT ALBANY.<br>No oral argument on scheduled motion return date, unless Judge McCurn's chambers sua sponte directs or grants the request of any party for oral argument. | **MAGISTRATE JUDGE GEORGE H. LOWE**<br>**10:00 A.M. - 1ST AND 3RD THURSDAY OF EACH MONTH AT SYRACUSE.** No oral argument on scheduled motion return date, unless Judge Lowe's chambers sua sponte directs or grants the request of any party for oral argument. |
| **SENIOR JUDGE THOMAS J. McAVOY**<br>10:00 A.M. - 2ND MONDAY OF EACH MONTH AT ALBANY<br>10:00 A.M. - 4TH FRIDAY OF EACH MONTH AT BINGHAMTON | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**CRIMINAL PRETRIAL ORDER**

    VS.

LINDA O'CONNOR,              **Case No.**    3:08-CR-77 (TJM)
DEAN SACCO

## I.   NOTICE TO ALL COUNSEL:

Counsel for the defendant is directed to file a notice of appearance in accordance with L.R. 44.2 of the Local Rules of Criminal Procedure with the clerk of the court stating his/her mailing address and phone number.

## II.   DISCOVERY:

**A)**    It is the Court's policy to rely on the discovery procedure as set forth in this Order as the sole means of the exchange of discovery in criminal actions except in extraordinary circumstances.  This Order is intended to promote the efficient exchange of discovery without altering the rights and obligations of the parties, while at the same time eliminating the practice of routinely filing perfunctory and duplicative discovery motions.

**B)**    Fourteen (14) days after arraignment, or on a date otherwise set by the Court for good cause shown, the government shall make available for inspection and copying to the defendant the following:

1) Fed.R.Crim.P. 16(a) & Fed.R.Crim.P. 12(b)(4) Information.  All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure, together with a notice pursuant to Fed.R.Crim.P. 12(b)(4) of the government's intent to use this evidence, in order to afford the defendant an opportunity to file motions to suppress evidence.

2) *Brady* Material.  All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, within the scope of *Brady v. Maryland,* 373 U.S. 83 (1963).

3) Federal Rule of Evidence 404(b).  The government shall advise the defendant of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence.  This requirement shall replace the defendant's duty to demand such notice.

**C)**   Unless a defendant, in writing, affirmatively refuses discoverable materials under Fed.R.Crim.P. 16(a)(1)(E),(F), and/or (G), the defendant shall make available to the government all discoverable information within the scope of Fed.R.Crim.P. 16(b)(1)(A)(B) and/or (C)(, within twenty-one (21) days of arraignment.

**D)**   No less than fourteen (14) days prior to the start of jury selection, or on a date otherwise set by the Court for good cause shown, the government shall tender to the defendant the following:

1) *Giglio* Material.  The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972).

2) Testifying Informant's Convictions.  A record of prior convictions of any alleged informant who will testify for the government at trial.

**E)**   The government shall anticipate the need for, and arrange for the transcription of, the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Fed.R.Crim.P. 26.2 and 18 U.S.C. §3500.  The government, and where applicable, the defendant, are requested to make materials and statements subject to Fed.R.Crim.P. 26.2 and 18 U.S.C. §3500 available to the other party at a time earlier then required by rule or law, so as to avoid undue delay at trial or hearings.

**F)**   It shall be the duty of counsel for all parties to immediately reveal to opposing counsel all newly discovered information, evidence, or other material within the scope of this Order, and there is a continuing duty upon each attorney to disclose expeditiously.  The government shall advise all government agents and officers involved in the action to preserve all rough notes.

**G)** No attorney shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the Court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel.  No discovery motions shall be filed for information or material within the scope of this Rule unless it is a motion to compel, a motion for protective order or a motion for an order modifying discovery.  See Fed.R.Crim.P. 16(d).  Discovery requests made pursuant to Fed.R.Crim.P. 16 and this Order require no action on the part of this Court and should not be filed with the Court, unless the party making the request desires to preserve the discovery matter for appeal.

## III.    MOTIONS:

**A)** Any and all motions by all parties **must be served and filed within four (4) weeks of the date of this Order.** Such motions must comply with the provisions of Rule 12.1 of the Local Rules of Criminal Procedure for the Northern District of New York. All motions must be scheduled for a return date prior to the scheduled trial date. Oral argument is required on each pretrial motion unless otherwise ordered by the Court.  **Motions are to be FILED BY MARCH 18, 2008** in Binghamton, New York.

**B)** When any motion has been filed, the moving party must confer with the opposing party and report to the Court in writing: 1) whether the parties agree or disagree that the requested relief is appropriate, 2) whether a hearing is necessary to resolve factual disputes, and 3) whether oral argument is necessary.

**C)** Motions may be filed by a party later than four (4) weeks from the date of this Order only by further order of this Court upon a showing of good cause for the delay.

**D)** Any delay, from the date of filing such motion through conclusion of its hearing, or other prompt disposition, is excluded from calculation under the time limits of the Speedy Trial provisions.  18 U.S.C. §3161(h)(1)(F).

E) Counsel for each party shall EXCHANGE and file with the Court A MEMORANDUM OF LAW, not to exceed twenty-five (25) pages in length, concerning issues of substantive and any evidentiary law which either party anticipates will be raised at the trial of the general issues - IN DUPLICATE.

**IV.     HEARINGS:**

A)     Counsel for each party shall be ready with witnesses and exhibits for any evidentiary hearing which the court may schedule.

**V.     SPEEDY TRIAL REQUIREMENTS:**

A)     The U.S. Attorney and defense counsel are hereby notified that no continuance or extension will be granted under the Speedy Trial Act unless a motion or stipulation is submitted which recites the appropriate exclusionary provision of the Speedy Trial Act, 18 U.S.C. §3161. In addition, the motion or stipulation must be accompanied by an affidavit of facts upon which the Court can make a finding which would warrant the granting of the relief requested.  Counsel must also submit a proposed order setting forth the time to be excluded and the basis for its exclusion. If the exclusion affects the trial date of the action the stipulation or proposed order must have a space for the Court to enter a new trial date in accordance with the excludable time period. All requests for continuance or extension which do not comply with this Order will be disallowed by the Court.

**VI.     TRIAL DATE:**

A)     Trial will be scheduled to begin not later than sixty (60) days from the date of arraignment. In multiple defendant cases the trial date will be scheduled at the arraignment of the first defendant to be arraigned; defendants arraigned on subsequent dates will be joined for trial with the original defendant unless a written application or stipulation by the U.S. Attorney and counsel for the defendants is made within five (5) days of such subsequent arraignment and is approved by the Court. The application to extend the date upon which trial will commence must include the precise reason for the requested extension and should contain a place for the Court to enter the new trial date in accordance with the extension requested in the application.

The Court will in all cases attempt to schedule trial dates so as to permit defense counsel adequate preparation time in light of all the circumstances in accordance with Title 18 U.S.C. §3162(c)(2).

B)     Trial of the above entitled action is hereby set for the **14th day of APRIL, 2008  at 9:30am,at Binghamton**, New York before the Honorable Thomas J. McAvoy.
.

THE COURT WILL SCHEDULE A FINAL PRETRIAL CONFERENCE THAT WILL BE HELD IN ADVANCE OF THE TRIAL DATE.

Defendant(s) and counsel **must** appear on the trial date **READY** to proceed.

**VII**.   **DEFENDANTS IN CRIMINAL CASES SHALL APPEAR WHENEVER SUCH APPEARANCE IS DIRECTED BY THE COURT.  FAILURE TO APPEAR AS DIRECTED MAY RESULT IN REVOCATION OF BAIL.**

**VIII**.   **SUBMISSIONS REQUIRED:**

Within seven (7) days before the FINAL PRETRIAL CONFERENCE DATE, counsel for each party shall:

(a)   **EXCHANGE** and file with the Court **VOIR DIRE** requests* **in duplicate**;

(b)   **EXCHANGE** and file with the court the **Court Ordered   Questionnaire***
 (see Attachment (1)) **in duplicate**;

(c)   **EXCHANGE** and file with the Court **REQUESTS TO CHARGE**  which the parties intend at that time to ask the Court to consider without prejudice to the parties' right to submit additional requests to charge, the need for which  was not apparent prior to trial, at the conclusion of the taking of evidence* **in duplicate**, together with a copy of the instructions on a computer disk, preferably in WordPerfect format;

(d)   Exchange and file with the Court a **VERDICT FORM** which the parties intend at that time to ask the Court to consider, **in duplicate**;

(e)   **EXCHANGE** and file with the Court A **MEMORANDUM OF LAW,** not to exceed twenty-five (25) pages in length**,** concerning issues of substantive and any evidentiary law which either party anticipates will be raised at the trial of the general issues* **in duplicate**;

(f)   Make every effort to enter into **STIPULATION OF FACT** including stipulations as to the admissibility of evidence, limiting the matters which are required to be tried;

(g)   **EXCHANGE** and file with the Court a proposed **EXHIBIT LIST**  (Govt. to label exhibits numerically ie: Govt. 1,2,3 etc; Deft. to label exhibits numerically ie: D-1, D-2, etc, in multiple deft. cases the exhibits must be numbered in the same order as the defendant's name appears on the

indictment: ie: D-1 Exhibit 1/ D-2 Exhibit 1, etc.) **in duplicate;**

(h)   **EXCHANGE** and file with the Court a proposed **WITNESS LIST** with a brief description as to the subject area of the proposed witness' testimony **in duplicate**.

**\*PROPOSED VOIR DIRE, REQUESTS TO CHARGE AND MEMORANDA OF LAW THAT ARE NOT FILED TEN (10) DAYS PRIOR TO THE DATE FIXED FOR TRIAL WILL NOT BE ACCEPTED FOR FILING BY THE COURT. FAILURE TO COMPLY WITH THE REQUIREMENTS OF THIS PRETRIAL SCHEDULING ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS BY THE COURT.**

SO ORDERED.

Dated: February 19, 2008
      Syracuse, NY

George H. Lowe
United States Magistrate Judge

UNITED STATES DISTRICT COURT - NDNY

## <u>ATTACHMENT (1)</u>     COURT ORDERED QUESTIONNAIRE

U.S.A. vs.                                CASE NO.:

Each attorney is required to submit the following information on behalf of his client for use by the assigned Judge during voir dire and **must be filed with the Court seven (7) days in advance of the scheduled final pretrial conference date.**

**NAMES AND ADDRESSES OF ALL DEFENDANTS ON TRIAL.**
**DEFENSE COUNSEL'S FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.**

(use additional page if necessary)

**U.S. ATTORNEY'S NAME AND OFFICE ADDRESS**
**NAMES AND BUSINESS ADDRESS OF ANY CASE AGENT OR OTHER GOVERNMENT REPRESENTATIVE WHO WILL SIT AT COUNSEL TABLE.**

(use additional page if necessary)

**SET FORTH THE DATE OF EACH ALLEGED CRIMINAL OFFENSE, THE PLACE OF THE OFFENSE, AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE CHARGES OF EACH COUNT IN THE INDICTMENT.**

(use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.**

(use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREA OF EXPERTISE.**

(use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY COUNT IN THE INDICTMENT.**

(use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED.**

(use additional page if necessary)

1

**PLEASE TAKE NOTICE** that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one day or more postponement of the trial, appropriate monetary sanctions will be imposed by the Court.

Date:

(Signature of Attorney)
Bar Roll Number

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

GOVERNMENT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

GOVERNMENT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

GOVERNMENT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

GOVERNMENT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

DEFENDANT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

DEFENDANT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

DEFENDANT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____

DEFENDANT EXHIBIT NO. _____

DATE ENTERED: _____

**LAWRENCE K. BAERMAN, CLERK**

BY:_____
　　　　　DEPUTY CLERK

Page 1 of  _____

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

CASE NO.:

DATE:

PRESIDING JUDGE:

( ) GOVERNMENT          ( ) DEFENDANT      (  ) COURT

| | DATE: | | | | |
|---|---|---|---|---|---|
| **EXHIBIT NUMBER** | **MARKED FOR IDENTIFICATION** | **ADMITTED INTO EVIDENCE** | **REMARKS** | **WITNESS** | **EXHIBIT DESCRIPTION** |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBITS RETURNED TO COUNSEL (DATE):                    SIGNATURE

| EXHIBIT NUMBER | DATE: | | REMARKS | WITNESS | EXHIBIT DESCRIPTION |
|---|---|---|---|---|---|
| | MARKED FOR IDENTIFICATION | ADMITTED INTO EVIDENCE | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBITS RETURNED TO COUNSEL (DATE):                    SIGNATURE