IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.

DEAN SACCO,
LINDA O'CONNOR,

DEFENDANT.

RESPONSE TO REPLY
3:08-CR-77

[TJM]

## GOVERNMENT'S RESPONSE TO DEFENDANT LINDA O'CONNOR'S REPLY

The United States of America, represented by Assistant U.S. Attorney Miroslav Lovric, respectfully responds to the Reply letter filed by defendant Linda O'Connor as filed on April 11, 2008.

## EXPERT TESTIMONY

The government hereby notifies the Court and the defense that we are withdrawing our notice and intention to call, in our case-in-chief, an expert witness in the field of psychology or psychiatry. We our withdrawing our notice and we do not intend to call as an expert witness, in our case-in-chief, Dr. Michele Toth or any other psychologist. We therefore have no further discovery obligations with respect to this witness or any other expert in the field of psychology since we do not intend to call such witness in our case-in-chief. We do however reserve the right to call Dr. Michele Toth and any other experts in the field of psychology/psychiatry in our Rebuttal case in the event that the defense calls an expert witness in the field of psychology/psychiatry during the defense case-in-

1

chief. We will only call such an expert in order to rebut any such expert testimony during the defense case-in-chief, if the defense does in fact call such a witness. We will therefore await to receive from the defense full notice and full disclosure pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(G) and Federal Rules of Evidence, Rules 702, 703 and 705 as to any such expert witness and their testimony, and also await to see what actual expert opinion and testimony a defense expert actually presents during the defense case-in-chief. After that, we will then decide whether to call Dr. Michele Toth and any other experts in the field of psychology or psychiatry in our Rebuttal case in order to rebut any such evidence and testimony presented by the defense during their case-in-chief.

In our discovery notices, we gave notice of our intention to call two social workers Elizabeth Chesebro and Naomi Panus as witnesses in our case-in-chief. We merely did this out of an abundance of caution and not because we think these two witnesses are expert witnesses. These two witnesses are in fact merely fact witnesses and they will not be asked to render any expert opinions by the government. We therefore have no Federal Rules of Criminal Procedure, Rule 16(a)(1)(G) and Federal Rules of Evidence, Rules 702, 703 and 705 discovery to provide as to these two witnesses.

As reflected in our discovery statements/notices filed with this Court, we have given notice to the defense that we intend to call James Thompson, a computer forensics expert from the Broome County Security Division CATS Unit, to testify in our case-in-chief. As also reflected in our discovery statements, we have provided to the defense James Thompson's CV and we have also provided the defense with all the detailed reports of analysis and findings of Mr. Thompson in connection to his examinations. Furthermore, defendant O'Connor had requested that the

2

government provide to her a complete copy and duplicate of the Lang computer hard drive as to which James Thompson had performed a forensic analysis. Pursuant to that request, on March 31, 2008, the government sent via Federal Express a box containing a computer hard drive to the Office of Federal Public Defender, c/o Nelson Garcia (the defense computer forensic expert) 39 North Pearl Street, 5th Floor, Albany, New York 12207 (new hard drive previously provided to the government by defendant O'Connor) and loaded/copied to that hard drive were the complete "EnCase" files for the Lang computer. Also included with the hard drive was a two page document summarizing the EnCase files contained on the drive. The defense therefore has a complete copy of all files, photographs, e-mails, folders and all other materials contained on the Lang hard drive.

At trial, James Thompson will testify that he forensically examined the Lang computer and hard drive. He will testify that on that hard drive he found files, photographs, e-mails, folders and all other materials as depicted on the copy provided to defendant. He will testify that he found and located on that hard drive numerous photographs (the defense has copies of all of them) some of which are pornographic in nature and some of which also depict teenage appearing girls in pornographic acts. As mentioned above, the defense has copies of all said photographs. The government may introduce into evidence some of the photographs found on Lang's computer hard drive. The photographs speak for themselves and were found on George Lang's computer hard drive. James Thompson will also testify that on that same hard drive he located several partial e-mails that were exchanged between defendant O'Connor and George Lang. The government has provided to the defense print outs of said e-mails in the discovery provided both defendants. Additionally, the Lang hard drive copy provided to defendant O'Connor also contains said e-mails. James Thompson will also testify that at some point in time a scanner was in fact connected to the

3

Lang computer. Thompson will also testify that at some point in time a thumb drive type mass storage device was also connected to the Lang computer.

James Thompson will also testify that he found data and information on the Lang hard drive in the thumbnail cache which indicates that the Lang computer at one time appears to have stored additional jpg files (photographs); jpg files (photographs) with pornographic titles and names; jpg files containing "Dsc" in the file name and which indicates that the photograph came from a digital camera source. Thompson will testify that Lang's computer hard drive was on its last leg; that some files and information on the hard drive had been overridden and no longer can be retrieved.

James Thompson will also testify that he examined CDs/DVDs as well as floppy disks found in defendant Sacco's storage unit in Norwich, New York and at his place of employment in New Jersey. Thompson will also testify that on those disks he found writings of Sacco's for his book as well as photographs of Sacco (all these materials and reports describing these findings have been provided to defendants in discovery materials).

Furthermore and more recently, we have given the defense notice of intent to call DNA Forensic Scientist Andrea Lester from the New York State Police Laboratory. We have disclosed what she will testify about; what tests she conducted; her conclusions and what opinions she will render. We have provided the defense with her reports, CV and all <u>Jencks</u> materials.

Dated: April 20, 2008                                       Respectfully submitted,

                                                              Glenn T. Suddaby
                                                              United States Attorney

                                                              */s/ Miroslav Lovric*

                                                             By: Miroslav Lovric
                                                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM

     I hereby certify that on April 20, 2008, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

                                                 /s/ Miroslav Lovric
                                                 Miroslav Lovric
                                                 Assistant U.S. Attorney