## COURT ORDERED QUESTIONNAIRE

<u>U.S.A. v.  LINDA O'CONNOR  &  DEAN SACCO</u>     [CASE NO: 3:08-CR-77]

Each attorney is required to submit the following information on behalf of his client for use by the assigned Judge during voir dire and must be filed with the Court ten (10) days in advance of the scheduled trial date.

**NAMES AND ADDRESSES OF ALL DEFENDANTS ON TRIAL. DEFENSE COUNSEL'S FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.**

**Defendant:**
LINDA O'CONNOR
Broome County Jail

**Defense Counsel:**
Lisa A. Peebles, Esq.
Federal Public Defenders Office
Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, NY 13202

DEAN SACCO
Broome County Jail

Kelly Fischer, Esq.
142 Front Street
Binghamton, NY 13901

**U.S. ATTORNEY'S NAME AND OFFICE ADDRESS. NAMES AND BUSINESS ADDRESS OF ANY CASE AGENT OR OTHER GOVERNMENT REPRESENTATIVE WHO WILL SIT AT COUNSEL TABLE.**

Miroslav Lovric
Assistant U.S. Attorney
304 Federal Building
15 Henry Street
Binghamton, NY 13901

SA James T. Lyons, Jr.
FBI
Federal Bldg.
Binghamton, NY 13901

**SET FORTH THE DATE OF EACH ALLEGED CRIMINAL OFFENSE, THE PLACE OF THE OFFENSE, AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE CHARGES OF EACH COUNT IN THE INDICTMENT.**

SEE ATTACHED INDICTMENT

**SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.**

Sgt. Patrick Blenis
Norwich Police Department
Norwich, NY

S/A James T. Lyons
Federal Bureau of Investigation
Binghamton, NY

Inv. Terry Shultz
New York State Police
Sidney, NY

Inv. Richard T. Berry
New York State Police
Sidney, NY

Kelly Molanare
Federal Bureau of Investigation
Syracuse, NY

Det. Michael Cashman
Johnson City Police Department
Johnson City, NY

Larry Compton, Telecommunication Manager
Computer Analysis Technical Services
Binghamton, NY

Police Officer Michael Donahue
Jersey City Police Department
Jersey City, NJ

Police Officer Jesse Soto
Jersey City Police Department
Jersey City, NJ

Det. David Pandiscia
Connecticut State Police
Litchfield, Connecticutt

Deputy Chief R. J. Desena
Watertown, Connecticut Police Department

Shannon O'Connor

William (Bill) Sorvino
Hillside, NJ

Renee Lang
Deposit, NY

Delores Tomins
Deposit, NY

Barbara Conway
Deposit, NY

Patricia Knowles
Deposit, NY

Helen Fraible
Deposit, NY

Erin Carroll
Deposit, NY

Gerardo DiFiori
New Jersey

Amanda Rising
New Jersey

Frank Pagano
New Jersey

Riva Boll
New Jersey

Clesson Lockwood
Norwich, NY

Mary Ann Canto
Norwich, NY

Trudy Brightman
Norwich, NY

Christine Barnes
Norwich, New York

David Lang
Deposit, NY

Linda Huizinga
Port Dickinson, NY

Judith Wingate-Wade
Norwich, NY

Sharon Wright
Deposit, NY

Donna Davison Loughren
Norwich, NY

James Parmalee
Norwich, NY

Lisa Parmalee
Norwich, NY

Brooke Parmalee
Norwich, NY

Michael VanVliet
Norwich, NY

Kimberly McKeon
Norwich, NY

Zaid Kurdieh
Norwich, NY

Mallory Monagan
Southbury, Connecticut

Elizabeth Chesebro
Chenango County Department of Social Services

Naomi Panus
Broome County Department of Social Services

Kathy Myrick
Deposit, NY

Marc Yerton
Chenango County, NY

Jennifer Anderson
Norwich, NY

Misty Davis
Norwich, NY

Custodians of Records for:
    Best Western Hotel
    Various Telephone companies
    Various Banking Institutions
    Various Credit Card Banking institutions
    Pet Street Station Animal Hospital, Norwich, NY
    Chenango Memorial Hospital
    The Storage Center, Norwich, NY
    Ebay
    Norwich School District
    Department of Social Services [Chenango and Delaware Counties]
    Other businesses

[We have made every attempt to include any and all possible witnesses that the government anticipates we may call on our direct case (case-in-chief). Should we realize that a witness has been inadvertently overlooked and not included in this questionnaire, we will immediately amend our list and provide notice to the Court and to defendants. Obviously, our witness list does not include any witnesses that the government may call in our rebuttal case. Given the fact that we have received no discovery from the defense, we have no way of knowing what witnesses, if any, and what physical evidence, if any, the defense plans to introduce on their direct case. Therefore, we reserve the right to call whatever witnesses are appropriate to rebut the defense direct case, if there is any.]

**SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREA OF EXPERTISE.**

Andrea Lester, Forensic Scientist, New York State Police, Albany, NY [DNA Expert]

Dr. Michael Waters, Chenango County Memorial Hospital [physician who examined minor victim in March of 2007 and observed and determined that her hymen was completely torn and not intact and that this finding is consistent with rape, sexual assault and sexual intercourse.]

James Thompson, Assistant Director, Broome County Security Division, CATS Unit [Computer Forensics Expert]

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY COUNT IN THE INDICTMENT.**

SEE ATTACHED INDICTMENT

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED.**

See Defendants' Court Ordered Questionnaire

**PLEASE TAKE NOTICE** that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one day or more postponement of the trial, appropriate monetary sanctions will be imposed by the Court.

DATED: April 20, 2008

_____
Miroslav Lovric
Assistant U.S. Attorney
Suite 304 Federal Blg.
15 Henry Street
Binghamton, NY 13901

**CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM**

   I hereby certify that on April 20, 2008, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

                 _/s/ Miroslav Lovric_
                 Miroslav Lovric
                 Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.

DEAN SACCO,
LINDA O'CONNOR,

DEFENDANTS.

INDICTMENT
3:08-CR-77
[TJM]

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 15 2008
AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Binghamton

THE GRAND JURY CHARGES THAT:

COUNT 1
[SELLING OF A CHILD FOR THE PURPOSE OF PRODUCING CHILD PORNOGRAPHY]

Between in and about August of 2006 through March of 2007, in the Northern District of New York and elsewhere, **LINDA O'CONNOR,** the defendant herein, being a parent, legal guardian, and person having custody and control of a minor, did knowingly offer to and did in fact sell and otherwise transfer custody and control of a minor to **DEAN SACCO**, who traveled in interstate commerce, with knowledge that as a consequence of the sale and transfer, the minor would be portrayed in a visual depiction engaging in, and assisting **DEAN SACCO** to engage in, sexually explicit conduct, and with intent to promote the engaging in of sexually explicit conduct by said minor for the purpose of producing a visual depiction of such conduct and the rendering of assistance by the minor to **DEAN SACCO** to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

In violation of Title 18, United States Code, Section 2251A(a) and Section 2.

1

## COUNT 2
## [BUYING OF A CHILD FOR THE PURPOSE OF PRODUCING CHILD PORNOGRAPHY]

Between in and about August of 2006 through March of 2007, in the Northern District of New York and elsewhere, **DEAN SACCO,** the defendant herein who traveled in interstate commerce, did knowingly offer to and did in fact purchase and otherwise obtain custody and control of a minor from **LINDA O'CONNOR**, with knowledge that as a consequence of the purchase and obtaining of custody, the minor would be portrayed in a visual depiction engaging in, and assisting **DEAN SACCO** to engage in, sexually explicit conduct, and with intent to promote the engaging in of sexually explicit conduct by said minor for the purpose of producing a visual depiction of such conduct and the rendering of assistance by the minor to **DEAN SACCO** to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

In violation of Title 18, United States Code, Section 2251A(b) and Section 2.

## COUNT 3
## [SEX TRAFFICKING OF A CHILD]

Between in and about January of 2004 through March of 2007, in the Northern District of New York and elsewhere, **DEAN SACCO** and **LINDA O'CONNOR,** the defendants herein, while in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide and obtain by any means a person that had not attained the age of 18 years, and more specifically that person had not attained the age of 14 years at the time, knowing that the person would be caused to engage in a commercial sex act.

2

In violation of Title 18, United States Code, Section 1591(a) & (b) and Section 2.

## COUNT 4
## [PRODUCTION OF CHILD PORNOGRAPHY]

Between in and about August of 2006 through March of 2007, in the Northern District of New York and elsewhere, **DEAN SACCO** and **LINDA O'CONNOR**, the defendants herein, did knowingly and willfully employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and said depiction was produced using materials that had been mailed, shipped and transported in interstate and foreign commerce by any means, in that, a defendant, while using a camera which had been transported in interstate commerce and was manufactured outside the State of New York, photographed a minor in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2251(a) and Section 2.

## COUNT 5
## [PRODUCTION OF CHILD PORNOGRAPHY]

Between in and about August of 2006 through March of 2007, in the Northern District of New York and elsewhere, **LINDA O'CONNOR**, the defendant herein, being a parent, legal guardian, and person having custody and control of a minor, did knowingly permit said minor to engage in, and for the minor to assist **DEAN SACCO** to engage in, sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and said depiction was produced using materials that had been mailed, shipped and transported in interstate and foreign commerce by any means, in that, a defendant, while using a camera which had been transported in interstate

3

commerce and was manufactured outside the State of New York, photographed a minor in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2251(b) and Section 2.

## COUNT 6
## [TRAVEL IN INTERSTATE COMMERCE WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT WITH A MINOR]

Between in and about August of 2006 through March of 2007, in the Northern District of New York and elsewhere, defendant **DEAN SACCO** did travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor under 18 years of age.

In violation of Title 18, United States Code, Section 2423(b) and Section 2.

## COUNT 7
## [POSSESSION OF CHILD PORNOGRAPHY]

Between in and about January of 2004 through March of 2007, in the Northern District of New York and elsewhere, **DEAN SACCO** and **LINDA O'CONNOR**, the defendants herein, did knowingly and willfully possess material which contains images of child pornography which were produced using materials which have been mailed, shipped and transported in interstate and foreign commerce by any means, in that, defendants knowingly possessed computers, computer hard drives, cameras and other materials containing graphic images of child pornography, knowing that the images contained a visual depiction and material containing a visual depiction, the production of which involved the use of a minor engaged in sexually explicit conduct as defined in Title 18, U.S.C., section 2256.

4

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and Section 2.

## FORFEITURE ALLEGATION

**THE UNITED STATES ATTORNEY FURTHER CHARGES:**

The allegations contained in Counts 1 through 7 of this Indictment are hereby realleged and incorporated by reference herein for the purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 2253(a)(2) and (a)(3), Title 18, United States Code, Sections 1594 (b)(2) and (b)(1).

As a result of committing the offenses alleged in Counts 1 through 7 of this Indictment, pursuant to Title 18, United States Code, Sections 2253(a)(2) and (a)(3), and Title 18, United States Code, Sections 1594 (b)(2) and (b)(1) and upon conviction of the charges alleged in Counts 1 through 7 of this Indictment, defendants, **DEAN SACCO AND LINDA O'CONNOR** shall forfeit to the United States: (1) any and all property, real or personal, constituting or traceable to gross profits or other proceeds in violation of Title 18, United States Code, Sections 2251, 2251A, 2423 and (incorporating the definition of child pornography in Title 18, United States Code, Section 2256(8)) produced, transported, mailed, shipped or received in violation of Title 18, Chapter 110; and (2) defendants interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property used in any manner or part to commit those violations; (3) pursuant to Title 18, United States Code, Sections 1594 (b)(2) and (b)(1), any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly and any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of a

violation of Title 18, United States Code, Section 1591.

### Substitute Assets

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant-

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party,

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 18, United States Code, Section 2253(b), (incorporating 21 U.S.C. 853(p)) to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and Section 2.

A TRUE BILL

Dated: February 15, 2008
   Binghamton, New York

_____
FOREPERSON OF THE GRAND JURY

GLENN T. SUDDABY
UNITED STATES ATTORNEY

_____
By: Miroslav Lovric
Assistant U.S. Attorney

6