UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        v.                               08-CR-77

DEAN SACCO,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## <u>DECISION and ORDER</u>

Defendant Dean Sacco moves pursuant to Fed. R. Crim. P. 29 and 33 seeking a judgment of acquittal or, in the alternative, a new trial.  For the following reasons, the motions are DENIED.

## I.	FACTS

After a jury trial, Defendant Dean Sacco was convicted of (1) buying a child to produce child pornography; (2) sex trafficking of a child; (3) production of child pornography; (4) traveling in interstate commerce to engage in sexual conduct with a minor; and (5) the possession of child pornography.  Defendant now moves for relief pursuant to Fed. R. Crim. P. 29 and 33.

## II.	STANDARD OF REVIEW

Rule 29 "imposes a heavy burden on the defendant, whose conviction must be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>U.S. v. Florez</u>, 447 F.3d 145, 154 (2d Cir. 2006) (internal quotations and citation omitted).  "In assessing sufficiency, [the Court is] obliged to view the

evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." Id.   "A court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."  United States v. Guadagna, 183 F.3d 122, 130 (2d Cir.1999) (internal quotation marks omitted).

With respect to the motion pursuant to Rule 33, as the Second Circuit has explained:

> Rule 33 itself states that "the court may grant a new trial to [a] defendant if the interests of justice so require." Fed. R. Crim. P. 33.  The rule by its terms gives the trial court "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice."  United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992).  The district court must strike a balance between weighing the evidence and credibility of witnesses and not "wholly usurp[ing]" the role of the jury. [United States v. Autori, 212 F.3d 105, 120 (2d Cir. 2000)].  Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment."  Sanchez, 969 F.2d at 1414.  An example of exceptional circumstances is where testimony is "patently incredible or defies physical realities," although the district court's rejection of trial testimony by itself does not automatically permit Rule 33 relief. Id.
>
> The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. See Sanchez, 969 F.2d at 1414. The trial court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict. Id. (internal quotation marks omitted).  The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation.  See id.  "There must be a real concern that an innocent person may have been convicted."  Id.  Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly" and in "the most extraordinary circumstances." Sanchez, 969 F.2d at 1414.

U.S. v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001).

III.     **DISCUSSION**

      a.     **Credibility of the Minor Victim**

      Defendant first contends that the testimony of the minor victim is incredible as a matter of law.  The basis for Defendant's contention is that the minor victim suffered from certain emotional problems, was on certain medications, and is believed to have made certain inconsistent and erroneous statements.

      "It is well established that '[b]ecause the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, it is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'" United States v. Thompson, 528 F.3d 110, 121 (2d Cir. 2008) (quoting United States v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001) (internal quotation marks omitted)).  Although Defendant points to some factors that might cause a jury to question a witnesses's veracity, they do no present exceptional circumstances that would permit the Court to intrude upon the jury's function of credibility assessment.  There is no indication that the minor's testimony was perjurious, patently incredible, or defied physical realities.  Id.  The credibility issues raised in the instant motion were brought to the jury's attention and it was the jury's prerogative to determine what portions of the minor victim's testimony it believed to be credible.  The Court, therefore, rejects Defendant's contention that the minor victim's testimony was incredible as a matter of law.

      b.     **Credibility of Gerardo DiFiori**

      Defendant next contends that the testimony of Gerardo DiFiori is incredible as a matter of law and that his testimony violated Defendant's due process rights.  DiFiori testified

at trial that Defendant admitted that he had sex with a twelve year old girl in Norwich, New York.  The basis of Defendant's argument is that DiFiori never disclosed this alleged admission prior to testifying at trial, that DiFiori so testified only after meeting with the prosecution and law enforcement officials, and that Defendant was not made aware of this testimony until shortly before DiFiori testified.

At trial, DiFiori explained why he had not earlier disclosed the alleged admission; claiming that he had been threatened by Defendant.  This claim was substantiated by a letter from Defendant to DiFiori.  The jury was free to accept or reject this testimony.  Further, the Court does not discern any due process violations because there is no indication that the government was earlier aware of this "new" testimony, failed to timely disclose the "new" testimony, or was inappropriately involved in falsifying any testimony.

### c.   Evidence Pertaining to the Condom

Defendant next argues that there was evidence that the condom found in his storage locker did not belong to him, but could have been a condom belonging to someone else and could have been tampered with by the minor victim when she and a friend were inside the storage shed prior to March 2007.  Based upon: (1) evidence that the condom was found inside Defendant's storage locker; (2) the minor victim's testimony that Defendant sometimes used a condom when they had sex; and (3) evidence that the minor victim's DNA was found on both the inside and the outside of the condom, there was ample evidence upon which the jury could rationally conclude that the condom belonged to Defendant and that it was a condom likely to have been used by Defendant when he had sex with the minor.  Accordingly, the Court finds no basis for relief.

###### d.   Government's Exhibit 40

Defendant argues that Government Exhibit 40 does not constitute child pornography and that the jury could not properly consider this as evidence of child pornography.  The government responds that Exhibit 40 does depict child pornography and that the jury was entitled to consider Exhibit 40 together with the other photographs in determining whether Defendant was guilty of the possession of child pornography.  The Court finds that, regardless of whether Exhibit 40 itself depicts child pornography, the jury was free to consider that Exhibit, together with the other evidence at trial, in making its determination whether Defendant possessed child pornography.  Based on the totality of the evidence presented, a jury could reasonably conclude that Defendant did, in fact, possess child pornography.  Accordingly, the Court finds no basis for relief.

###### e.   Government's Rebuttal

Defendant next makes an unspecified challenge to the government's rebuttal. Defendant states that "[t]he government's attorney's rebuttal in this case was clearly inappropriate, unethical and designed solely to inflame the passion of the jury."  It is unclear from the motion papers to what Defendant is referring.  Without specifics, the Court is unable to address this claim.  Accordingly, the Court finds no basis for relief.

###### f.   Testimony of AUSA Adam Lurie

Lastly, Defendant complains about the testimony of Assistant United States Attorney Adam Lurie.[1]  Lurie appeared at trial, with less than twenty-four hours' notice, and testified that he met Defendant at a boxing gym and that Defendant questioned him about

---

[1] Adam Lurie is an Assistant United States Attorney working out of the District of New Jersey.

how the government investigates sex crimes.  The record demonstrates, however, that Lurie learned of this trial as it commenced and while reading a newspaper article about Defendant in New Jersey.  Upon realizing that he knew Defendant, Lurie contacted the case agent in this case.  Upon the government's learning about Lurie, Defendant was immediately notified of Lurie's existence and the government's intention to call him as a witness.  Accordingly, the Court finds no basis for relief.

g.    **Ineffective Assistance of Counsel**

In a letter sent to the Court [dkt. 114], Defendant Sacco claims that he was deprived of the effective assistance of counsel.  "[I]neffective assistance of counsel claims are more properly raised in 28 U.S.C. § 2255 proceedings, and Defendant should raise any such claims in that forum, at which time the government will have an opportunity to respond.  See Massaro v. United States, 538 U.S. 500, 504 ("[A] motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); United States v. DiPietro, 2008 WL 2120577, at *1 (2d Cir. 2008).

**IV.    CONCLUSION**

Based on the foregoing, the Court finds that Defendant has failed demonstrate that a rational trier of fact could not have found the essential elements of the crimes beyond a reasonable doubt or that the verdict in this case is the result of manifest injustice.  Accordingly, Defendant's motions pursuant to Fed. R. Crim. P. 29 and 33 are DENIED.  The motion based on the ineffective assistance of counsel is denied without prejudice to the filing of a motion pursuant to 28 U.S.C. § 2255.  Defendant's notice of appeal is premature and he is hereby advised that he must file his notice of appeal within ten days after the entry of judgment or the order being appealed.  See Fed. R. App. P. 4(b).

IT IS SO ORDERED.

Dated:July 24, 2008

Thomas J. McAvoy
Senior, U.S. District Judge