# FISCHER & FISCHER

Attorneys at Law
142 Front Street
Binghamton, New York 13905

---

Telephone: (607) 772-6104
Facsimile: (607) 772-6243

KELLY E. FISCHER                                                                 ROBERT E. FISCHER (1997-2006)

October 15, 2008

Hon. Thomas J. McAvoy
United States District Court
Northern District New York
United States Courthouse
Hawley Street
Binghamton, New York 13901

    **Re:** **US v. Dean M. Sacco**
        *(08-CR-77)*

Dear Judge McAvoy:

    Sentencing in this matter is scheduled for October 24, 2008. We are under order to submit a sentencing memorandum today, and I am forwarding it herewith.

    I still have not received the pre-sentence report in this matter. I submit this memorandum in accordance with the Court's directive, but I still have the same objections I had in my September 24 correspondence, and want to make sure that I do not waive those objections under 18 USC 3552(d) and Federal Rules of Criminal Procedure 32(3)(2), on Mr. Sacco's behalf. I respectfully request an opportunity to review the PSR prior to sentencing, discuss same with Mr. Sacco, and submit a supplemental memorandum once I've had a chance to do so.

                                                         Respectfully yours,

                                                          /s/ Kelly E. Fischer

                                                          KELLY E. FISCHER

KEF/alm
Encl.
cc:  Mr. Sacco (w/encl.)
     Public Defender (w/encl.)
     U.S. Attorney (w/encl.)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,    DEFENDANT'S SENTENCING
                             MEMORANDUM
    -against-

DEAN M. SACCO,               08-CR-77
                             Hon. Thomas J. McAvoy
    Defendant.

---

    Defendant, Dean M. Sacco, by his attorney, Fischer & Fischer, Kelly E. Fischer, Esq., of counsel, submits herewith his memorandum regarding sentencing in this matter.

    Preliminarily, it is imperative to note that, as of October 15, 2008, neither defendant nor the undersigned have received any pre-sentence report ("PSR") in this matter. Sentencing was originally scheduled for October 1, 2008, but because neither defendant nor this office received a PSR defendant requested adjournment of sentencing by letter to the Court dated September 24, 200(8), citing 18 USC 3552(d) and Federal Rules of Criminal Procedure 32(3)(2), and the Court granted the requested adjournment until October 24, 2008. Because Defendant has not received the PSR, and therefore does not know what would be contained in that report, defendant respectfully requests an opportunity to review same if it is submitted prior to the sentencing date, and if it is not, defendant requests another adjournment until the PSR is provided and there has been an opportunity to review same and respond to it.

    Factually, this Court is aware of the procedural and

substantive facts in this case, having presided over a month long trial, but a concise restatement is set forth here.

Defendant was originally charged by Criminal Complaint on February 10, 2008, and subsequently by indictment dated February 15, 2008. Defendant Sacco was charged with the following crimes in the following counts:

- Count II (Buying of a child for the purpose of producing child pornography (18 USC 2251A(b));
- Count III (Sex trafficking of a child (18 USC 1951(a) and (b));
- Count IV (Production of Child Pornography (18 USC 2251(a));
- Count VI (Travel in interstate commerce with intent to engage in illicit sexual conduct with a minor (18 USC 2423(b)); and
- Count VII (Possession of child pornography (18 USC 2256).

All of the allegations in the indictment, except Counts III and VII alleged events occurring between August, 2006 and March, 2007. Counts III and VII alleged events occurring between January, 2004 and March, 2007.

Trial commenced May 5, 2008. On Friday, May 30, 2008 the jury returned a verdict against Defendant Sacco on all charged counts. The jury found co-defendant Linda O'Connor guilty on three of five charged counts.

Defendant has made post-trial motions for acquittal and for a new trial.

COUNT II - 18 USC 2251(A)(b)

The statute provides that "[w]hoever purchases or otherwise obtains custody or control of a minor . . . shall be punished by imprisonment for not less than 30 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist."

Subsection (c) provides as follows:

> The circumstances referred to in subsections (a) and (b) are that—
> (1) in the course of the conduct described in such subsections the minor or the actor traveled in or was transported in interstate or foreign commerce;
> (2) any offer described in such subsections was communicated or transported in interstate or foreign commerce by any means including by computer or mail; or
> (3) the conduct described in such subsections took place in any territory or possession of the United States.

In light of the language in the statute it appears that the Court has the discretion to sentence a defendant convicted under the statute to a minimum of 30 years, and a maximum of life, plus a fine.

COUNT III - 18 USC 1591(a) and (b)

The statute provides, in pertinent part, as follows:

> (b) The punishment for an offense under subsection (a) is
> (1) if the offense was effected by force, fraud, or coercion or if the person recruited, enticed, harbored, transported, provided, or obtained had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
> (2) if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, or obtained [sic] had attained the age of 14 years but had

not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

The prosecution in this case is based on the claim that the child was under the age of 14 at the time of the events, and that the offense was effected by coercion, and so the Court, by the statute, has the discretion to impose a minimum sentence of 15 years.

COUNT IV - 18 USC 2251(a) and (b)

That portion of the statute setting forth penalties for violation (18 USC 2251(e)) provides as follows:

> (e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71 section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

As there is no proof that defendant Sacco has any convictions for the statutes cited therein, the statutory penalty is a sentence of 15 to 30 years.

COUNT VI - 18 USC 2423(b)

The statute provides, in pertinent part, as follows:

> (b) Travel With Intent To Engage in Illicit Sexual Conduct.— A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

The plain reading of the word "or" in the language of the statute ("shall be fined under this title **or** imprisoned" makes it clear that the Court has the discretion to impose a fine or imprisonment, but that a sentence of imprisonment is not mandatory; if a sentence of imprisonment is imposed, the maximum sentence is 30 years.

COUNT VII - 18 USC 2252A(a)(5)(b)

The relevant portions of the statute at issue in this indictment are the following:

> (a) Any person who—
> (5) either -
> (B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; generated image or picture, whether made or produced by electronic, mechanical, or other means, where such visual depiction

>is, or appears to be, of a minor engaging in sexually explicit conduct . . .
>
>shall be punished as provided in subsection (b).
>
>(b) (2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

Again, the plain reading of the pertinent sentencing language of the statute (18 USC 2252A(b)(2)) ("[w]hoever violates . . . subsection (a)(5) shall be fined **or** imprisoned not more than 10 years") clearly provides that there is no mandatory sentence of imprisonment on this count, and that the Court may impose a fine alone as a sentence, particularly here, where there is no evidence that defendant Sacco has violated any of the statutes cited in the remainder of this statute.

BACKGROUND

During trial the Court heard from Mr. Sacco's mother regarding his upbringing.  The Court also heard in Mr. Sacco's own words his literary rendition of his sexual proclivities, set out initially in a book, and subsequently in a diary which was to form the basis for another book.  By the language of the book itself, it was a journey to find out the basis for the propensities Mr. Sacco acknowledged

he lived with, that were part of him, in an attempt to get control of them.  This self-acknowledgment of a personality disorder, coupled with an express plan to try to deal with that disorder and the related conduct, resulted in the writings by which Mr. Sacco tried to cope with and rein in those very personality problems.  Had Mr. Sacco's mother, as pointedly noted in cross-examination, taken the steps to get Mr. Sacco (as a child) the obviously necessary counseling, we probably would not be here, but she did not, and we are.  Mr. Sacco made an effort - a substantial effort - to resolve his problems the best, and the only, way he knew - to write about them - to "put them on the table" and allow them to be scrutinized and examined publically, fully and openly.  While this effort may not have been successful in resolving the problems, the very real substantial effort - years of work - should be taken into consideration in rendering a sentence in this case.

Furthermore, while the prosecution has relied on emotionally charged semantics in large part in this case before the jury, this Court also had the opportunity to observe the young woman the prosecution referred to almost exclusively as the victim.  By all accounts, she was seriously disturbed long before she met Mr. Sacco.  By all accounts, she was also sexually aware and arguably sexually active by the time she met Mr. Sacco.  While the jury was likely manipulated by the prosecution's artful use of the words "rape", "brutal rape", "sexual predator", "fiend", etc., this Court, having seen the testimony and having knowledge of this young woman's

history, is in a better position to assess the background of this matter in context, and we ask the Court to do so.  This case is very different from many that have preceded it before this Court.  While the legislative intention is clearly to proscribe this behavior, the legislature has allowed this Court discretion, based on circumstances, in certain of the statutes found by the jury to have been violated here, to impose a sentence without requiring incarceration, in fact.  While we do not contend that, on this conviction, Mr. Sacco should (or may, based on certain counts) be sentence to a fine and be sent along on his way, we do contend that this situation is not that envisioned by the legislature in setting maximum penalties, but rather is probably at the edge of the proscribed conduct that is found at the minimum, rather than the maximum, penalties allowed.  This situation was the product of a "perfect storm" of coincidence, where a man with an acknowledged but still present and active proclivity for young teenage girls met up with a girl of proscribed age but with sexual experience, curiosity, and a background that make her very willing to engage in risky behavior.  The statues obviously allow for consideration of the circumstances by the Court in exercising its discretion in sentencing, and on the present facts defendant suggests that these circumstances compel the exercise of that discretion toward the lowest end of the sentencing spectrum allowed by the applicable statutes.

One final point should be made in this case.  While some courts

have, at least indirectly, condoned imposition of higher sentences for a defendant who has exercised his right to trial, in this case there was no offer made prior to trial by the prosecution other than to plead guilty to the indictment.

CONCLUSION

Based upon these facts and the statutes that are the basis for the conviction here, the following are the statutory parameters for sentencing in this case:

<u>COUNT II - 18 USC 2251(A)(b)</u>: mandatory sentence of incarceration for a minimum of 30 years, maximum of life, **and** a fine;

<u>COUNT III - 18 USC 1591(a) and (b)</u>: mandatory sentence of incarceration for a minimum of 15 years, maximum of life **and** a fine;

<u>COUNT IV - 18 USC 2251(a) and (b)</u>: mandatorysentence of imprisonment, minimum sentence of imprisonment 15 years, maximum of 30 years **and** a fine;

<u>COUNT VI - 18 USC 2423(b)</u>: mandatory sentence of fine **or** imprisonment, or both; no mandatory imprisonment; maximum sentence of imprisonment, if imposed, is 30 years;

<u>COUNT VII - 18 USC 2252A(a)(5)(b):</u> mandatory sentence of fine **or** imprisonment, or both; no mandatory imprisonment; maximum sentence of imprisonment, if imposed, is 10 years.

Based on the foregoing, on Mr. Sacco's behalf, I respectfully request that the Court impose the minimum allowable sentences.

Dated:    October 15, 2008
          Binghamton, New York

                                        /s/Kelly E. Fischer
                                        KELLY E. FISCHER
                                        142 Front Street
                                        Binghamton, New York 13905
                                        Tel.: (607) 772-6104

TO:   United States Department of Justice
      United States Attorney's Office
      Northern District of New York
      15 Henry Street
      Binghamton, New York 13901
      (607) 773-2887

      United States Federal Public Defender
      Northern District of New York
      4 Clinton Exchange Bldg.
      Syracuse, NY 13202
      (315)701-0080