**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

V.

DEAN SACCO

3: 08 -CR -77
[TJM]

DEFENDANT.

**SENTENCING MEMORANDUM OF THE UNITED STATES**

## I.    INTRODUCTION

Defendant Dean Sacco proceeded to trial before this Court.  A jury trial commenced on May 5, 2008 with jury selection  and the jury rendered its verdict on May 30, 2008.  The jury convicted Sacco on all counts charging him.  Sacco was convicted on Count 2, Buying a Child in order to Produce Child Pornography;  Count 3, Sex Trafficking of a Child;  Count 4, Production of Child Pornography;  Count 6, Traveling in Interstate Commerce To Engage In Sexual Conduct With a Minor;   and  Count 7, Possession of Child Pornography.   The United States submits this Memorandum pursuant to the Uniform Presentence Order issued by the Court in anticipation of sentencing.

This Memorandum addresses the Presentence Investigation Report (PSR) and any objections or arguments relating to sentencing made by the Defendant to date.  If the Court is considering a departure from the applicable U.S. Sentencing Guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report (PSR), the parties are entitled to notice and an opportunity to respond.  *See*  Fed R. Crim. P. 32(i)(1)(c), 32 (h).

## II.     PRESENTENCE REPORT

### A.     Factual Findings

The United States adopts the facts set forth in the Revised Presentence Investigation Report which also includes the Addendum to the PSR as submitted by the United States Probation Office. We also rely upon all the facts and evidence produced at the trial.

### B.     Calculation of the Sentencing Guidelines Range

The United States adopts the offense level computations, the guidelines scoring, the criminal history score, and the resulting Sentencing Guidelines range set forth in the Presentence Investigation Report in all respects.

Defendant Dean Sacco's Total Offense Level is a 48 and a Criminal History Category of IV.[1] Dean Sacco's sentencing guidelines range of imprisonment is therefore LIFE.

## III.    GOVERNMENT'S SENTENCING RECOMMENDATIONS

The government recommends that the Court sentence defendant Dean Sacco to the maximum penalty allowable by law.   The federal sentencing guidelines call for a sentence of Life imprisonment.   We strongly urge this Court to apply the maximum sentence called for by the guidelines.   We therefore recommend that the Court sentence defendant Dean Sacco to Life imprisonment on Count 2;  Life imprisonment on Count 3;  30 years imprisonment on Count 4;

---

[1] Defendant Dean Sacco has not accepted responsibility for his conduct and therefore has not earned a 2 point reduction.  Additionally, he put the government to its burden of proving him guilty beyond a reasonable doubt at a jury trial and therefore the government does NOT recommend a 1 point reduction.

30 years imprisonment on Count 6; and 10 years imprisonment on Count 7, all sentences to run concurrently.

The evidence in this case demonstrates that Dean Sacco is a sexual predator and sexual fiend who should never again be permitted to walk the streets of any community. Sacco has preyed upon young children and he has sexually abused children for many years. Sacco is an extreme danger to any child and he must be kept removed from society for the rest of his natural life.

There are no adequate words to describe the horrific, inhuman and animalistic things that Sacco and O'Connor did to the victim in this case. The repeated rapes by Sacco; the dehumanizing acts of photographing this little girl while she was raped and sexually assaulted by Sacco and O'Connor; and the twisted sexual torture committed upon this child by Sacco and O'Connor are contrary to what it means to be a human being with a conscience. Dean Sacco and Linda O'Connor both lack a conscience.

Dean Sacco, along with his co-defendant Linda O'Connor, caused unimaginable physical, mental and emotional harm and damage to the victim in this case. The victim in this case has endured and been subjected to things that no human being, let alone a child, should ever be subjected. The victim will never be whole again.

Dean Sacco deserves the maximum punishment for what he did to this child. Sacco should spend the rest of his natural life in a federal prison. We strongly recommend that this Court sentence Sacco to a term of life in prison.

3

**IV.** **GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE**

In determining a sentence consistent with the Supreme Court's guidance in *United States v. Booker,* 543 U.S. 220, 259-260 (2005), the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006). The Sentencing Reform Act

> requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," [18 U.S.C.] § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004). And the Act . . . requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp. 2004) * * *.

*Booker,* 543 U.S. at 259-260.

The government respectfully contends that a sentence Life would be "sufficient, but not greater than necessary," to take into account all of the relevant sentencing factors. 18 U.S.C. § 3553(a).

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, __ U.S. __, 128 S. Ct. 558, 574 (2007); *see United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.") Indeed, the Supreme Court has held that, on appeal, a within-Guidelines sentence may be presumed to be reasonable. *Rita v. United States*, __ U.S. __, 127 S. Ct. 2456 (2007). This is because "the sentencing statutes envision both the sentencing judge and the [Sentencing]

4

Commission as carrying out the same basic § 3553(a) objectives." *Rita*, 127 S. Ct. at 2463. "An individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general." *Id.* at 2465. Further, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act -- "to diminish unwarranted sentencing disparity." *Rita*, 127 S. Ct. at 2467.

The Supreme Court has recognized that "it is uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, __ U.S. __, 128 S. Ct. 586, 597 (2007). If the court decides to impose a non-Guidelines sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

Although a sentencing court may vary from a Guideline range based on a policy disagreement with the Guidelines, such a deviation is not entitled to the same deference as a fact-based deviation.

> [A] decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply." (citation omitted). On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range "fails to properly reflect § 3553(a) considerations" even in a mine-run case.

*Kimbrough*, 128 S. Ct. at 574-75 (citations omitted). A non-Guidelines sentence "that rests primarily upon factors that are not unique or personal to a particular defendant, but instead reflects attributes common to all defendants" is "inherently suspect." *Rattoballi*, 452 F.3d at 133 (reliance on "indignity and ill-repute associated with criminal conviction," common to all convicted felons, is contrary to § 3553(a)(6), "which calls for a reduction in unwarranted disparities among similarly situated defendants").

Morever, the Second Circuit has held that a sentencing court cannot "import [its] own philosophy of sentencing if it is inconsistent with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 132 (internal quotation marks and citation omitted). A sentence may be unreasonable if the court "relies on factors incompatible with the Commission's policy statements . . . in the absence of persuasive explanations as to why the sentence actually comports with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 134, 135-36 (vacating a sentence of probation and home confinement as unreasonable when district court appeared to have overlooked or ignored policy statements that "make plain that imprisonment is generally warranted for antitrust offenders").

The government objects to the imposition of a sentence below the Guidelines range as calculated in the Presentence Investigation Report. The record reveals no mitigating factors not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases, *see Rita*, 127 S. Ct. at 2465. Considering all of the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range in this particular case would be sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in Section 3553(a)(2).

## V.     PROCEDURAL REQUIREMENTS FOLLOWING *BOOKER*

### A.     Calculation of the Guidelines Range

The court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall*, 128 S. Ct. at 596 (2007). "An error in determining the applicable Guideline range . . . would be the type of procedural error that could render a sentence unreasonable under

*Booker.*" *United States v. Selioutsky,* 409 F.3d 114, 118 (2d Cir. 2005), *citing United States v. Rubenstein,* 403 F.3d 93, 98-99 (2d Cir.), *cert. denied,* 546 U.S. 876 (2005).

Prior to sentencing, the Court must resolve any material issues of fact, and must state its factual findings – by adoption of the Presentence Report or otherwise – on the record in a manner sufficient to permit appellate review. *See, e.g., United States v. Jeffers,* 329 F.3d 94, 101-02 (2d Cir. 2003); *United States v. Ben-Shimon,* 249 F.3d 98, 103 (2d Cir. 2001). The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez,* 407 F.3d 118, 125 (2d Cir. 2005) (the power of district judges to resolve disputed facts by a preponderance of the evidence at sentencing survives *Booker*); *United States v. Martinez,* 413 F.3d 239, 243 (2d Cir. 2005) (neither *Booker* nor *Crawford v. Washington,* 541 U.S. 36 (2004), bars judicial consideration of hearsay at sentencing), *cert. denied,* 546 U.S. 1117 (2006); *United States v. Crosby,* 397 F.3d 103, 112, 113 (2d Cir. 2005). "A sentencing judge would . . . violate [18 U.S.C. §] 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury or admitted by the defendant, instead of considering the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court." *Crosby,* 397 F.3d at 115.

**B.     Consideration of the Sentencing Guidelines and the § 3553(a) Factors**

Although the Sentencing Guidelines are no longer mandatory, "*Booker* did not signal a return to wholly discretionary sentencing." *Rattoballi,* 452 F.3d at 132. The Second Circuit has cautioned:

> [I]t would be a mistake to think that, after *Booker/Fanfan,* district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors

7

listed in section 3553(a). We have every confidence that the judges of this Circuit will do so, and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice.

*Crosby*, 397 F.3d at 113-114.

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for a sentence. *Gall*, 128 S. Ct. at 596. The Guidelines, which were fashioned after careful consideration of the other § 3553(a) factors, "cannot be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges." *Rattobolli*, 452 F.3d at 133 (citations and internal quotation marks omitted); *Gall*, 128 S. Ct. at 594 (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

C.     **Statement of Reasons for the Sentence**

Section 3553(c) requires the district court, "at the time of sentencing," to "state in open court the reasons for its imposition of the particular sentence." "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require a lengthy explanation." *Rita*, 127 S. Ct. at 2469. Still, "[w]here a prosecutor or defendant presents non-frivolous reasons for imposing a different sentence, . . . the judge will normally . . . explain why he has rejected those arguments." *Id.*

Greater specificity is required for: (1) sentences within a Guidelines range that exceeds 24 months – for which the court must state "the reason for imposing a sentence at a particular point within the range" (18 U.S.C. § 3553(c)(1)); and (2) sentences outside the Guidelines range – for

8

which the court must state orally and in the written judgment "the specific reason" for the imposition

of the sentence (18 U.S.C. § 3553(c)(2)).  *See, e.g., United States v. Lewis*, 424 F.3d 239, 249 (2d

Cir. 2005) (remanding because, in imposing a sentence for supervised release violation, the district

court failed to state sufficient reasons for imposing a sentence outside the range recommended by

Guidelines policy statements); *United States v. Goffi*, 446 F.3d 319, 321-22 (2d Cir. 2006)

(remanding for the district court  to amend the written judgment to state the specific reason for the

imposition of a sentence outside of the policy statement for a probation violation).

When a sentence deviates significantly from the Guidelines, and the judge has not made a

compelling statement of reasons, the Second Circuit "may be forced to vacate" if "the record is

insufficient, on its own, to support the sentence as reasonable."  *Rattoballi*, 452 F.3d at 135.

> Judicial decisions are reasoned decisions. Confidence in a judge's use of reason
> underlies the public's trust in the judicial institution.  A public statement of those
> reasons helps provide the public with the assurance that creates that trust.

*Rita,* 127 S. Ct. 2468.

## VI.   CONCLUSION

The United States respectfully contends that the recommended   sentence of Life

imprisonment is the most appropriate, because it is "sufficient, but not greater than necessary" to

achieve the goals of sentencing and to justly punish this defendant for his horrific crimes.

9

Dated: November 19, 2008                    Respectfully submitted,

                                            ANDREW T. BAXTER
                                            Acting United States Attorney

                                            By:  Miroslav Lovric
                                            Assistant U. S. Attorney

10

**CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM**

I hereby certify that on November 19, 2008, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case. The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22. As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed. Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

Miroslav Lovric
Assistant U.S. Attorney

11